UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORID
PENSACOLA DIVISION

TAJHON WILSON,
FDOC Inmate No. R21310,
    Plaintiff,

vs.                                                Case No.: 3:21cv967/MCR/EMT

NURSE CYNTHIA BEARDEN,
    Defendant.
                                     /

## **REPORT AND RECOMMENDATION**

Plaintiff Tajhon Wilson (Wilson), an inmate of the Florida Department of Corrections (FDOC) proceeding pro se, commenced this action by filing a civil rights complaint on August 12, 2021 (ECF No. 1). Wilson has not paid the filing fee.

The court reviewed Wilson's Complaint and litigation history and determined that he was required to pay the filing fee at the time he commenced this case, because he is prohibited from proceeding IFP, pursuant to 28 U.S.C. § 1915(g). Therefore, the court recommends that this case be dismissed without prejudice for Wilson's failure to pay the filing fee at the time he initiated this lawsuit.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full

filing fee at the time he initiates suit).  As previously discussed, the only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

As previously stated, Wilson was a prisoner when he commenced this case on August 12, 2021 (*see* ECF No. 1 at 11–12).  In the Prior Litigation section of the Complaint, Wilson acknowledges he had three cases previously dismissed as "strikes" under § 1915(g) (*see id.* at 9).  Wilson identified the three cases as follows:

> • *Wilson v. Gualtieri*, 8:15cv1578/CEH/AEP; filed in the United States District Court for the Middle District of Florida and dismissed on October 19, 2015, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.
>
> • *Wilson v. Culpepper*, 3:20cv5155/MCR/HTC; filed in this District Court and dismissed as malicious on May 7, 2020, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.
>
> • *Wilson v. Bearden*, 3:20cv5260/LAC/EMT; filed in this District Court and dismissed as malicious on June 11, 2020, pursuant to 28 U.S.C. § 1915A(b)(1).

(ECF No. 1 at 9).  The court has independently verified that Wilson filed each of these three cases; that each case was dismissed for the reason stated above; that each dismissal counts as a "strike" under § 1915(g); and that each dismissal occurred prior to Wilson's commencing this lawsuit.

Because Wilson had at least three strikes when he commenced this case, he was precluded from initiating this lawsuit without contemporaneously paying the filing fee. The only exception to this rule is if the allegations of the Complaint demonstrate that Wilson is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Wilson's Complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where the threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his civil rights complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). "Imminent danger" is assessed not at the time of the alleged incident, but at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

Wilson filed his Complaint in this case from Suwannee Correctional Institution on August 12, 2021 (*see* ECF No. 1 at 12–13). Wilson alleges he was sexually assaulted during a strip search by Defendant Nurse Bearden on November 17, 2019 at Walton Correctional Institution (*id.* at 5–6). Wilson asserts an Eighth Amendment claim against Nurse Bearden and seeks compensatory and punitive damages for the past alleged misconduct (*id.*).

Wilson's allegations concern an event that occurred nearly two years ago at an institution where he is no longer housed. These allegations do not make a colorable showing that he was under **present imminent** danger of serious physical injury when he commenced this case; therefore, Wilson's allegations are insufficient to invoke the "imminent danger" exception to § 1915(g). Because Wilson is barred from proceeding IFP and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree*, 284 F.3d at 1236.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he initiated this action.

2.      That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 20th day of August 2021.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**